# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KEITH LAMAR,

    Petitioner,

                         Case No. 1:04-cv-541

-vs-
                        District Judge Thomas M. Rose
                        Chief Magistrate Judge Michael R. Merz

TODD ISHEE, Warden,

    Respondent.

**DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO CONDUCT DISCOVERY**

      This case is before the Court on Petitioner's Motion to Conduct Discovery (Doc. No. 44). Respondent opposes the Motion in its entirety (Doc. No. 48) and Petitioner has filed a reply in support (Doc. No. 50).

      A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing §2254 Cases; *Bracy v. Gramley*, 520 U.S. 899, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997); *Harris v. Nelson*, 394 U.S. 286, 89 S. Ct. 1082, 22 L. Ed. 2d 281 (1969); *Byrd v. Collins*, 209 F. 3rd 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, citing *United States v. Armstrong*, 517 U.S. 456, 116 S. Ct. 1480, 1488, 134 L. Ed. 2d 687 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442 (6th Cir. 2001), *citing Murphy v. Johnson,* 205 F. 3rd 809, 813-15 (5th Cir.

-1-

2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F. 3d 487 (6th Cir. 2003)(*quoting Stanford v. Parker*, 266 F. 3d 442, 460 (6th Cir. 2001).

In conducting the analysis that led to granting discovery in *Bracy v. Gramley, supra*, the Supreme Court provided at least part of the template which lower courts should follow in deciding discovery motions in habeas corpus cases.

First of all, it identified the claims to which the sought discovery in that case related and specifically determined whether they were claims upon which habeas corpus relief could be granted at all. Federal habeas corpus is, of course, available only to correct wrongs of constitutional dimension. 28 U.S.C. §2254(a); *Smith v. Phillips*, 455 U.S. 209, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982), *Barclay v. Florida,* 463 U.S. 939, 103 S. Ct. 3418, 77 L. Ed. 2d 1134 (1983). In *Bracy* the claim was that the trial judge was biased in favor of other defendants who had bribed him and therefore had a motive to be harsh with those, like the petitioner, who had not. The Supreme Court distinguished this kind of claim of judicial disqualification from other non-constitutional claims which would not be cognizable in habeas corpus. This part of the *Bracy* analysis makes it clear that discovery should not be authorized on allegations in a habeas corpus petition which do not state a claim upon which habeas corpus relief can be granted.

Secondly, the Supreme Court identified circumstances which corroborated the Bracy's theory of relief and request for discovery:

> As just noted above, petitioner's attorney at trial was a former associate of Maloney's, App. 51, and Maloney [the corrupt trial judge] appointed him to defend this case in June 1981. The lawyer announced that he was ready for trial just a few weeks later. He did

> not request additional time to prepare penalty-phase evidence in this death penalty case even when the State announced at the outset that, if petitioner were convicted, it would introduce petitioner's then-pending Arizona murder charges as evidence in aggravation. Tr. of Oral Arg. 43. [FN10] At oral argument before this Court, counsel for petitioner suggested, given that at least one of Maloney's former law associates--Robert McGee--was corrupt and involved in bribery, see supra, at 8, that petitioner's trial lawyer might have been appointed with the understanding that he would not object to, or interfere with, a prompt trial, so that petitioner's case could be tried before, and camouflage the bribe negotiations in, the Chow murder case. Tr. of Oral Arg. 17-18, 43-44. [FN11] This is, of course, only a theory at this point; it is not supported by any solid evidence of petitioner's trial lawyer's participation in any such plan. It is true, however, that McGee was corrupt and that petitioner's trial coincided with bribe negotiations in the Chow case and closely followed the Rosario murder case, which was also fixed.

520 U.S. 907-908.

> We emphasize, though, that petitioner supports his discovery request by pointing not only to Maloney's conviction for bribe taking in other cases, but also to additional evidence, discussed above, that lends support to his claim that Maloney was actually biased in petitioner's own case. That is, he presents "specific allegations" that his trial attorney, a former associate of Maloney's in a law practice that was familiar and comfortable with corruption, may have agreed to take this capital case to trial quickly so that petitioner's conviction would deflect any suspicion the rigged Rosario and Chow cases might attract.

Id. at 909. The quoted "specific allegations" language is from *Harris v. Nelson, supra,* and demonstrates that the Supreme Court in both cases was adverting not to the **claim** language in the habeas petition, but to specific **evidence** obtained outside the discovery process and presented in support of a motion for discovery, which corroborates the claimed constitutional violation.

Other parts of habeas corpus procedural jurisprudence, although not relevant to the particular decisions in *Harris* and *Bracy*, also should inform a district court's exercise of its discretion in

granting discovery under Habeas Rule 6. The purpose of discovery in any case is ultimately to gather evidence which will be put before the court in deciding the case on the merits. In order to obtain an evidentiary hearing in federal court on a claim on which he has not fully developed the factual basis in state court, a habeas corpus petitioner must show cause and prejudice under *Wainright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992). Logically, there is no good reason to gather evidence which one will not be permitted to present because one cannot satisfy the *Keeney* standard. Therefore, if there are items of evidence sought in discovery which could have been obtained and presented during the state court process but were not, a petitioner should make the required *Keeney* showing before being authorized to conduct discovery to obtain the evidence.

In this case, Petitioner seeks discovery as follows:

1. Depositions of trial attorneys Herman Carson and Robert Toy on Claims 1 and 19.
2. All notes or other documents maintained by the trial prosecutors and referring to or listing inmate statements on Claim 1.
3. Depositions of prosecutors Mark Piepmeier, Seth Tieger, and William Anderson, Jr., and records of the Office of Special Prosecutor that relate to the acceptance or rejection of deals by Lucasville inmates on Claims 3 and 12.
4. Deposition of the Scioto County Jury Commissioner to obtain the identity of the grand jurors who voted to indict Petitioner.
5. Material relating to the actual innocence claim (Claim 21) as follows:
    1. Plea agreements or non-prosecution agreements with inmates who testified in Petitioner's case.

   2.  Questions, answers, and results of polygraph examinations taken by the State's witnesses in Petitioner's case.

   3.  Department of Rehabilitation and Corrections files on the inmate witnesses who testified at Petitioner's trial.

   4.  The computer-generated index of witness statements and trial testimony maintained by the Ohio Highway Patrol.

   5.  The location of inmate-witness Anthony Walker.

6.  Depositions of appellate counsel Carol Wright and Kristin Burkett and of post-conviction counsel Kevin Durkin, Randolph Alden, and Matthew Alden on Claim 22.

   Respondent opposes all the sought discovery. He argues first that Petitioner cannot satisfy the *Bracy* standard because the evidence on which Petitioner relies to obtain discovery has already been considered by the state courts whereas Bracy presented new evidence to justify discovery. ("Bracy had new evidence. Lamar does not." Warden's Opposition, Doc. No. 48, at 4).

   The Warden's implicit theory seems to be that if the state courts did not grant Petitioner any relief – either merits relief or additional discovery – on the basis of evidence he placed of record in his motion for new trial, this Court should also not grant any relief. However, the *Bracy* standard does not require that the "additional" evidence relied upon to show good cause be new evidence in the sense it was never evaluated by the state courts. To put it another way, in applying the discovery rule (Rule 6 of the Rules Governing §2254 Cases), federal courts are not reviewing for objective reasonableness the decisions of state courts to deny discovery, as would be the case if §2254(d)(1) applied to the discovery question. Rather, the question of good cause for discovery is considered

by the federal courts *de novo*.

Secondly, the Warden argues Petitioner must satisfy 28 U.S.C. §2254(e)(2) before being entitled to discovery. The Court disagrees. That statute, enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), limits the evidence which may be presented at an evidentiary hearing in habeas corpus. By its terms, it does not purport to limit the discovery which can be conducted. Of course, as noted above, this Court has long held the position that, because of §2254(e)(2), there cannot be good cause to discover evidence which a petitioner could not present at an evidentiary hearing unless that evidence has some other utility in the habeas proceeding (e.g., if it could lead to the discovery of admissible evidence or could show cause or prejudice sufficient to excuse a procedural default).

The Warden's argument here is that if a petitioner seeks additional discovery in federal court, it must mean that the record was incompletely developed in the state court. That much is correct. But the Warden argues this conclusion will then prevent the petitioner from obtaining an evidentiary hearing in federal court. Not so, said the Supreme Court in *Michael Williams v. Taylor*, 529 U.S. 420, 120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000). Rejecting Virginia's suggested no-fault interpretation, a unanimous Court held "[u]nder the opening clause of §2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." 529 U.S. at 423.

The Warden argues that Petitioner has not satisfied the requirements of §2254(e)(2), but he has not yet been called upon to do so. That time will come when Petitioner seeks an evidentiary hearing.

The Warden insists that Petitioner is not entitled to discovery on procedurally defaulted

claims and the Court agrees. However, at this stage of the proceeding, the Court has not adjudicated any claims to be procedurally defaulted and neither party has put that question before the Court, e.g., by a summary judgment motion on that defense.

As the Supreme Court decision in Bracy makes clear, establishing good cause for some discovery does not open the door to any and all discovery that a habeas party might want to conduct. Rather, the particular items of discovery which are sought must be evaluated one by one.

With these standards in mind, the Court grants Petitioner permission to conduct the following discovery:

1. Petitioner may depose Messrs. Carson, Toy, Piepmeier, Tieger, Anderson, Wright, Burkett, Durkin, Randolph Alden, and Matthew Alden. These individuals may reasonably be supposed to have relevant evidence on the claims of ineffective assistance of counsel, any *Brady* material, the selective prosecution claim, and the actual innocence claim.

2. Petitioner may also obtain the inmate statements requested with respect to Claim 1, but may not without a further showing of necessity obtain prosecutor's notes, which are protected by the work product doctrine.

3. Petitioner may obtain plea agreements or non-prosecution agreements with inmates who testified in his case.

4. Petitioner may obtain Department of Rehabilitation and Corrections files on the inmate witnesses who testified at Petitioner's trial.

Petitioner may not obtain the questions, answers, and results of polygraph examinations taken by the State's witnesses in Petitioner's case or the computer-generated index of witness statements and trial testimony maintained by the Ohio Highway Patrol. Petitioner may not depose

the Scioto County jury commissioner nor otherwise obtain the identity of the grand jurors who sat to indict him.  The likelihood that discovery referenced in this paragraph will produce admissible evidence on any of the claims is speculative.  Moreover, Petitioner has not shown good cause to pierce the grand jury secrecy, which is the only utility which having the identities of the grand jurors would have.

Discovery shall be completed not later than December 31, 2005.  Petitioner shall file any motion for evidentiary hearing in accordance with the Scheduling Order (Doc. No. 22).

June 30, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

With respect to Anthony Walker, Petitioner has shown good cause to depose him but not good cause to know his present whereabouts.  (The Court assumes for purposes of this ruling that Mr. Walker's whereabouts are being kept confidential for security reasons.)  If Petitioner wishes to depose Mr. Walker, his counsel should attempt to arrange that deposition with Respondent's counsel and seek the Court's intervention if negotiation is unsuccessful.