IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KEITH LAMAR, | : | |
| Petitioner, | : | Case No. 1:04-cv-541 |
| -vs- | : | District Judge Thomas Rose<br>Chief Magistrate Judge Michael R. Merz |
| TODD ISHEE, Warden, | : | |
| Respondent. | : | |

**AGREED PROTECTIVE ORDER**

Pursuant to the Court's(Doc. 87), Fed. R. Civ. P. Rule 26(c) and by agreement of the parties, each through their respective counsel, the Court enters the following Protective Order:

1. This Protective Order governs the use and protection of the information or documents which are obtained by counsel for Petitioner pursuant to the Court's Decision and Order Granting in Part and Denying in Part the Ohio Department of Rehabilitation and Correction's Motion for Protective Order entered on January 24, 2006 (Doc. 87)(the "1/24/06 Order"), concerning the thirteen inmates (and Petitioner) who testified for the State and Defense at Petitioner's trial (hereinafter, "Inmates:) [1]  This Protective Order protects the information whether contained in documents, deposition testimony, deposition exhibits, electronic data, videocassette recordings, audio recordings, or any other written, recorded, or graphic matter produced by Respondent, together with any and all information contained therein related to the limited categories of dispute, as set forth in the Order.

---

[1]Robert Bass, Anthony Walker, Thomas A. Taylor, Stacey Gordon, Louis Jones, Rickey Rutherford, Michael Childers, John Malveaux, Christopher Williams, Ronnie Foreman, Cory Perkins, Curt Ayers, and William Washington.

2. Specifically, this Protective Order applies to all documents produced in this action by the State of Ohio pursuant to the 1/24/06 Order on behalf of Respondent (including the ODRC) and includes the following: inmate medical records; inmate mental health records; pre- and post-sentence investigation reports; inmate separations and protective custody information; and documents relating to support or opposition to parole (hereinafter, "Confidential Discovery Material").

3. The parties agree that they shall use the Confidential Discovery Material only for the purposes of this litigation and only in the manner prescribed herein.

4. Confidential Discovery Material that is produced pursuant to the 1/24/06 Order shall be considered "confidential." In the case of documents produced by the Respondent, the Respondent shall designate in writing, on the face of each designated documents, at the time such document is produced and/or photocopied by the Respondent that it is confidential by endorsing thereon: "Confidential - Produced pursuant to Protective Order in LaMar v. Ishee, Case No. 1:04-cv-541, U.S.D.C., S.D. Ohio."

5. The Confidential Discovery Material shall not be disclosed to or discussed with any person by counsel for the Petitioner, except:

(a) Employees and agents of counsel for Petitioner (including legal assistants, court reporters, and other persons employed and supervised by such counsel) as are necessary to assist such counsel in this litigation; or

(b) Petitioner, on the following conditions:

(1) Counsel for Petitioner has examined the statements in question and determined that Petitioner is entitled to obtain the statements of such inmates to further the prosecution of

Petitioner's case. Petitioner Lamar is not permitted to receive and retain copies of any Confidential Discovery Material; and,

      (2) The Court has conducted an *in camera* inspection of the Confidential Discovery Materials and determined that Petitioner is entitled to learn the inmates' information from the Confidential Discovery Material to further the prosecution of his case; and,

      (3) Counsel for Petitioner has provided the Respondent at least seven (7) days written notice of which inmates' confidential information will be disclosed to Petitioner. Petitioner Lamar is not permitted to receive and retain copies of any Confidential Discovery Material; and,

      (4) Should Petitioner violate the terms of this Protective Order by disclosing to or discussing with any person other than his counsel the confidential information of inmates disclosed to him pursuant to this Protective Order, he shall be subject to sanctions as this Court deems appropriate.

    (c)    any person hired for the purpose of giving advice or testimony in this action ("Outside Expert"); provided that Confidential Discovery Material may not be disclosed to or used by such person for any purpose whatsoever other than to give advice or testimony in this case; and further that s/he has previously read and executed the Undertaking in the form annexed hereto as Exhibit A; or

    (d)    Any Court.

    6.    Each person who is provided in any manner (including without limitation by reviewing or being shown such information by summary or description) Confidential Discovery Material (and/or information derived therefrom) shall, prior to having access to Confidential Discovery Material, execute an Undertaking in the form annexed hereto as Exhibit A. Each such

Undertaking shall be retained by counsel for the party who provides such Confidential Discovery Material to such person and made available to the Court on demand.

7. If Confidential Discovery Material is to be included in any papers filed with this Court in this action, such papers shall be filed under seal in the manner prescribed by the Rules of this Court and kept under seal until further order of the Court. Any papers containing such Confidential Discovery Material shall be filed only in a sealed envelope on which a statement substantially in the following form shall appear in writing:

### CONFIDENTIAL

> This envelope contains documents that are subject
> to a Protective Order entered by the Court in this action
> governing the use of Confidential Discovery Material.

8. All parties agree that this disclosure does not constitute a waiver of attorney-client privilege or work produce immunity, but instead is intended solely to further the interests reflected in this Protective Order.

9. Any Confidential Discovery Material that is inadvertently produced without written notice or designation of its restricted nature may be so designated by the Respondent within a reasonable time following the discovery that such Confidential Discovery Material was produced without appropriate designation.

10. No party shall be deemed as a result of this Protective Order or any production pursuant to it to have waived any objection to disclosure of any Confidential Discovery Material on any ground other than confidentiality, or to have waived any other right, defense or objection that otherwise might be interposed in this action.

11. If Petitioner or his counsel is served with a subpoena or other compulsory process from any person who is not a party hereto seeking disclosure of Confidential Discovery Material, the Petitioner shall give written notice (including a copy of the subpoena or compulsory process) within two business days after receipt thereof to the attorneys for Respondent and to the Court.  In no event shall Petitioner receiving such subpoena or compulsory process disclose any Confidential Discovery Material before a reasonable time has elapsed following the provision of notice to Respondent and the Court.

12. Any party may seek relief from or modification of any provisions contained in this Protective Order by motion to the Court.

13. The parties hereto may modify the provisions of this Protective Order at any time, by (a) stipulation signed by all parties hereto and approved by Order of the Court, or (b) upon motion and subsequent order of this Court.

14. At the conclusion of this lawsuit and of any appeals or other termination of this litigation, all Confidential Discovery Material received under the protections of this Order (and all copies) shall be tendered back to the supplying parties or destroyed, at the supplying party's option. The provisions of this Order insofar as they restrict the communication and use of Confidential Discovery Material shall continue to be binding after the conclusion of this litigation on all parties and individuals who received Confidential Discovery Material.

February 8, 2006.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

Agreed:

| | |
|---|---|
| s/ Kathleen McGarry | /s Richard T. Cholar, Jr. |
| Kathleen McGarry (#0038707) | Richard T. Cholar, Jr. |
| TRIAL ATTORNEY | Assistant Attorney General |
| McGarry Law Office | Corrections Litigation Section |
| P.O. Box 310 | 150 East Gay Street, 16th Floor |
| Glorieta, NM 87535 | Columbus, Ohio 43215 |
| (505) 757-3989 | (614) 644-7233 |
| Fax: (505) 757-3989 | Fax: (614) 728-9327 |
| kmcgarry@starband.net | rcholar@ag.state.oh.us |
| | *Counsel for Ohio Department of* |
| and | *Rehabilitation and Correction* |
| | |
| /s David L. Doughten | |
| David L. Doughten (#0002847) | and |
| 4403 St. Clair Avenue | |
| Cleveland, Ohio 44103-1125 | /s Stephen E. Maher |
| (216) 361-1112 | Stephen E. Maher |
| ddoughten@yahoo.com | Assistant Attorney General |
| | Capital Crimes Section |
| *Counsel for Petitioner LaMar* | 30 East Broad Street |
| | 23rd Floor |
| | Columbus, Ohio 43215-3428 |
| | (614) 728-7055 |
| | Fax (614) 728-8600 |
| | |
| | *Counsel for Respondent* |

# EXHIBIT A

### **UNDERTAKING**

      The undersigned has read the annexed Agreed Protective Order, understands its contents, and hereby undertakes to make no disclosure of any Confidential Discovery Material (as that term is defined in the Agreed Protective Order) or information derived therefrom to any person who is not permitted to have access to such Confidential Discovery Material under the terms of the Agreed Protective Order. In addition, the undersigned agrees not to use any such Confidential Discovery Material or information derived therefrom for any purpose whatsoever other than assistance in this litigation. At the conclusion of this lawsuit, the undersigned agrees to return to counsel who retained or involved me in this lawsuit all Confidential Discovery Material and any notices and/or memoranda made in the course of this lawsuit.

Date: _____Name: _____
                                                                             (Print or Type)

                                                                Signature: _____

Sworn and subscribed before me this _____ day of _____, 2006.

                                                              _____
                                                              Notary Public