IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KEITH LaMAR,

    Petitioner,

:    Case No. 1:04-cv-541

:    District Judge Thomas M. Rose
-vs-    Magistrate Judge Michael R. Merz

TODD ISHEE, Warden,

:

    Respondent.

**REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY;
ORDER GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

This capital habeas corpus case is before the Court on Petitioner's Motion for a Certificate of Appealability (Doc. No. 202), the Warden's Response in Opposition (Doc. No. 203), and Petitioner's Reply (Doc. No. 204). As post-judgment motions, applications for certificates of appealability are referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3) and require a report and recommendations.

Petitioner sought habeas relief on twenty-five grounds which the Court denied. He now seeks to appeal on Grounds for Relief 1, 4, 5, 6, 7, 10, 12, 15, 22, and an issue regarding the amendment of his Habeas Petition.

In the body of his Application, Petitioner states he has "expressly requested that the Court find he may proceed in forma pauperis. The Court has not yet ruled on that request."

-1-

(Motion, Doc. No. 202, PageID 4128.)  Petitioner was granted leave to proceed *in forma pauperis* in this Court (Doc. No. 3).  He may continue to proceed *in forma pauperis* on appeal in the absence of a certificate of frivolousness.  Because the Court finds there are appealable issues, Petitioner may proceed on appeal *in forma pauperis*.

### Standard for Certificate of Appealability

As provided in  28 U.S.C. §2253, a petitioner seeking to appeal an adverse ruling in the district court on a petition for writ of habeas corpus or on a § 2255 motion to vacate must obtain a certificate of appealability before proceeding.  The statute contemplates issuance by a circuit judge, but Rule 11(a) of the Rules Governing § 2254 cases provides:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific  issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

The Rule codifies prior practice in the Sixth Circuit.  *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2nd Cir. 1997).

This Court had previously followed the practice of delaying certificate of appealability consideration until after judgment, but the fact that a decision on the certificate was not included in

Judge Rose's Entry and Order Adopting the Report and Recommendations (Doc. No.194) does not relieve this Court of responsibility to consider the certificate in the first instance. Nor does filing of the Notice of Appeal deprive the Court of jurisdiction to consider the certificate, since the matter is clearly in aid of the appeal.

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason

>would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 478.

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis. Id.* at 893.

>Obviously the petitioner need not show that he should prevail on the merits.... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322 (2003). A certificate of appealability is not to be issued *pro forma* or as a matter of course. *Id*. at 1040. Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id*. A blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).

**Analysis**

**Ground One**

In his first ground for relief, LaMar contended the prosecution improperly withheld evidence favorable to him in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Kyles v. Whitley*, 514 U.S. 419 (1995). (Petition, Doc. No. 31 at 54-70.) The Report and Recommendations reviewed the

asserted *Brady* violations at length and concluded that the state court disposition of this claim was not an unreasonable application of *Brady*. While the Magistrate Judge is persuaded on additional review that the disposition of this Ground for Relief is correct, it is not so clear cut, given the complexity of the evidence issues, that reasonable jurists could not disagree.

Respondent opposes a certificate of appealability on this Ground for Relief because "all of Lamar's so-called Brady evidence is outside the State court record and cannot be considered by a federal habeas court in determining whether the State court adjudication passes muster under the standards of review in 28 U.S.C. 2254." (Opposition, Doc. No. 203, PageID 4195, *citing Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011). Petitioner replies that much of the evidence was in fact before the state courts. (Reply, Doc. No. 204, PageID 4199). Petitioner also cites footnote 11 to Justice Thomas' opinion, which casts doubt on whether *Pinholster* prevents consideration of this claim. In any event, the jurisprudence developing the implications of *Pinholster* is in its infancy and both parties are encouraged to place this issue before the Circuit.

Therefore Petitioner should be granted a certificate of appealability on Ground One.

## Ground Four

In his fourth ground for relief, LaMar contends that the aggravated murder charge relating to Dennis Weaver should have been severed from the aggravated murder charges related to the murders of Albert Staiano, William Svette, Darrell Depina, and Bruce Vitale. (Petition, Doc. No. 31 at 80-84.) The District Court concluded this claim was procedurally defaulted because it had not been fairly presented as a federal constitutional claim to the state courts.

Petitioner claims he should receive a certificate of appealability on the procedural default ruling because it was raised *sua sponte* by the Magistrate Judge and because *Dye v. Hofbauer*, 546 U.S. 1 (2005), *Slaughter v. Parker*, 450 F3d 224, 236 (6th Cir. 2006), and *Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir. 2005), found fair presentation in situations similar to those in LaMar's state briefing. The Magistrate Judge finds his conclusion on fair presentation is fairly debatable among jurists of reason. Therefore a certificate of appealability should be granted on this issue.

Because this Ground for Relief was decided on procedural default grounds alone, there is no alternative decision on the merits. As shown by Petitioner's Motion, however, the underlying claim has potential merit under controlling law and Petitioner has pointed to significant grounds on which reasonable jurists might have decided that failure to sever the Weaver count deprived Petitioner of a fair trial on that count. A certificate of appealability should also be granted on the merits of the Fourth Ground for Relief.

**Ground Five**

In his fifth ground for relief, LaMar contended the trial court's limits on *voir dire* of prospective jurors deprived him of his right to a fair trial and due process of law. (Petition, Doc. No. 31 at 84-90.) This Court rejected the claim on the merits, carefully considering each instance of alleged restrictions on *voir dire*. Having done so, the Court is not persuaded its ruling are debatable among reasonable jurists and recommends denying a certificate on the fifth ground for relief.

**Ground Six**

In his sixth ground for relief, LaMar contends that the trial court failed to excuse a juror who believed the death penalty should be automatically imposed when a defendant is convicted of aggravated murder and attendant aggravating circumstances. (Petition, Doc. No. 31 at 90-92.)

The Court found this claim was procedurally defaulted because it was raised for the first time in Petitioner's Application to Reopen the Direct Appeal under Ohio R. App. P. 26(B). Petitioner acknowledges this and refers the Court to Ground for Relief Twenty-Two, his claim of ineffective assistance of appellate counsel, to show cause and prejudice for the failure to raise the claim on direct appeal. In considering the twenty-second ground for relief, this Court found it was not itself procedurally defaulted, but that Petitioner failed to make any demonstration on the merits of the claim.

No reasonable jurist would find merit in Petitioner's twenty-second ground for relief, presented as it is. That is, while appellate counsel may have omitted some claims which were meritorious, Petitioner made no effort to set forth those claims and argue for them. Because he has not demonstrated ineffective assistance of appellate counsel, he cannot rely on it to excuse his procedural default on the Sixth Ground for Relief. A certificate of appealability should be denied on this procedural default issue.

Furthermore, LaMar has not shown that the Court's alternative ruling on the merits of this claim are debatable among reasonable jurists. While admitting and indeed emphasizing the law that a judge reviewing a claim such as this – seating an automatic death penalty juror – must examine the entire *voir dire* (Motion, Doc. No. 202, PageID 4161), Petitioner again relies on those portions of the *voir dire* supporting his position and fails to address the unfavorable portions. A certificate of appealability should also be denied on the merits of the sixth ground for relief.

**Ground Seven**

In his seventh ground for relief, LaMar contends two prospective jurors were excused from service on his jury in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986).  (Petition, Doc. No. 31 at 92-95.)

The Court found this claim procedurally defaulted on the same basis as Ground Six and a certificate of appealability on this issue should be denied on the same basis.

Alternatively, the Court found the claim was without merit because the Caucasian comparators were not similarly situated to the excused African-Americans.  Petitioner criticizes the Court for not citing *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003), and claims that somehow the comparison process used in that case is different from the one used here.  The Magistrate Judge fails to understand the distinction.  In the Report and Recommendations the voir dire answers of the peremptorily excused African-American prospective jurors were compared with the answers of the four Caucasian comparators called out for comparison by Petitioner.  No reasonable jurist would find it debatable that the answers given by the excused prospective jurors were much less neutral than those of the four comparators.  A certificate of appealability should be denied on the merits of this claim as well.

**Ground Ten**

In his tenth ground for relief, LaMar contends the evidence presented at his trial was insufficient to sustain his convictions as a matter of law. This Court reached the merits of this claim and found that the Ohio Supreme Court's resolution of the three propositions of law embodied in this claim was neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent.

The first of these propositions of law relates to the killing of inmate Svette. Having summarized the contrary evidence, Petitioner argues "reasonable judicial minds would find it debatable that LaMar caused Svette's death." (Motion, Doc. No. 202, PageID 4165). But that is not the test. Under *Jackson v. Virginia*, 443 U.S. 307 (1979), the constitutional question is whether, when the evidence is most strongly construed in favor of the prosecution, a reasonable jury could have found a defendant guilty. Reasonable jurists would not debate whether the Ohio Supreme Court was correct in applying that test or at least would not debate whether the application was not objectively unreasonable.

The second proposition of law related to the kidnapping specification. While this Court found error, it concluded the error was harmless. The Magistrate Judge agrees that this Court's resolution of this claim would be debatable among reasonable jurists and therefor a certificate of appealability should issue on this question.

While this ground for relief also included a claim that there was insufficient evidence to support the course of conduct specification, Petitioner does not seek a certificate of appealability on

that point.[1]

### Ground Twelve

In his twelfth ground for relief, LaMar contends prosecutorial misconduct during all phases of his trial deprived him of a fair trial. (Petition, Doc. No. 31 at 112-126.) This Court denied the claim on the merits. However, the impact of prosecutorial misconduct on a trial as a whole is an evaluative question on which reasonable jurists might disagree. Petitioner should be granted a certificate of appealability on this claim.

### Ground Fifteen

In his fifteenth ground for relief, LaMar contends the trial court erred in failing to instruct the jury in the mitigation phase that one juror could prevent the death sentence, and by emphasizing the requirement of unanimity in the jury's sentencing recommendation. (Petition, Doc. No. 31 at 134-39.)

This Court found the fifteenth ground to be procedurally defaulted, having raised that question *sua sponte*. Petitioner argues that raising this ground *sua sponte* is a debatable matter among reasonable jurists (Motion, Doc. No. 202, PageID 4183). Not so. The Sixth Circuit has repeatedly held that raising a procedural default *sua sponte* is proper. *White v. Mitchell,* 431 F.3d

---

[1] While LaMar mentions the course of conduct specification in his introduction to this portion of the Motion (Doc. No. 202, PageID 4164), he nowhere argues the point.

517, 524 (6th Cir. 2005); *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§2254 capital case)*; White v. Mitchell,* 431 F.3d 517, 514 (6th Cir. 2005)(capital case); *Elzy v. United States,* 205 F.3d 882 (6th Cir. 2000)(§2255 case).

Petitioner also claims that this Court's conclusion that state court plain error review is not a waiver of procedural default is debatable among reasonable jurists. Again, not so. *Cooey v. Coyle,* 289 F.3d 882, 897 (6th Cir. 2002); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000). A state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F. 3d 239 (6th Cir. 2001), citing *Seymour v. Walker*, 224 F. 3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

This Court also made an alternative decision of this ground on the merits. Petitioner claims this Court's resolution of the merits is debatable among reasonable jurists, *citing Mitts v. Bagley*, 620 F.3d 650 (6th Cir. 2010). Whatever may have been the case while *Mitts* was the law, the issue is no longer debatable among reasonable jurists as the Supreme Court has unanimously reversed *Mitts*. *Bobby v. Mitts*, 131 S. Ct. 1762 (2011)(*per curiam*).

No certificate of appealability should be granted on the fifteenth ground for relief.

**Ground Twenty-Two**

In his twenty-second ground for relief, LaMar claims he was deprived of his constitutional

right to effective assistance of counsel in his first appeal of right in the state court. (Petition, Doc. No. 174-176.)

The Court denied this ground for relief on the merits. For the reasons given above in the analysis of Ground Six, no reasonable jurist would find that conclusion debatable. Therefore no certificate of appealability should be granted on the twenty-second ground for relief.

## Amendment of the Petition

Petitioner contends the Court's disposition of his request to treat his petition as amended is debatable among reasonable jurists and the Court agrees. A certificate of appealability should issue on this question.

## Conclusion

In accordance with the foregoing analysis, a certificate of appealability should be granted on Ground One, Ground Four (both issues), on the kidnapping specification issue in Ground Ten, on Ground Twelve, and on the constructive amendment/statute of limitations issue, but otherwise denied.

June 3, 2011.

s/ **Michael R. Merz**<br>
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).