# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

KEITH LAMAR,

                Petitioner,          :     Case No. 1:04-cv-541

      - vs -                        District Judge Thomas M. Rose
                                         Magistrate Judge Michael R. Merz

ED SHELDON, Warden,
 Ohio State Penitentiary,

                                          :
                Respondent.

## REPORT AND RECOMMENDATIONS ON APPEAL

This capital habeas corpus case is before the Court on District Judge Rose's Recommittal Order (ECF No. 246), directing the Magistrate Judge to reconsider his Decision and Order Granting Petitioner's Counsel Authorization to Appear in State Court (ECF No. 236).

On November 7, 2016, Petitioner's counsel sought leave to appear in state court to litigate "a newly-arising constitutional claim based on *Hurst v. Florida*, 136 S.Ct. 616 (2016)" (ECF No. 231, PageID 4385). Since this was a non-dispositive pre-trial motion, it was within the decisional authority of the assigned Magistrate Judge. After briefing, the Magistrate Judge granted the Motion (ECF No. 236). Respondent Warden then appealed to District Judge Rose, claiming this Court lacked subject matter jurisdiction to make the authorization because the habeas case was closed and the appointment was not in pursuit of clemency proceedings (ECF No. 237). Petitioner filed an extensive Response (ECF No. 238).

The briefing remained in that posture for three months until the Petitioner filed a

1

Suggestion of Mootness, noting that the Ohio Supreme Court had denied his Motion (ECF No. 239). See *State v. LaMar*, 148 Ohio St. 3d 1424 (2017), *cert. den. sub nom. LaMar v. Ohio*, 138 S.Ct. 363 (2017).

The Warden responded that the Appeal was not moot because LaMar had in fact pursued the state court proceeding which the Warden continues to assert this Court lacked subject matter jurisdiction to authorize (ECF No. 240). Since then the Warden has filed additional authority and notice of LaMar's petition for certiorari to the United States Supreme Court on his *Hurst* claim (ECF Nos. 241, 241, 243, 244, 245).

When LaMar initially sought this authorization, the Warden opposed it on grounds of lack of jurisdiction (ECF No. 232, PageID 4462-63), relying on denials of such appointment in *Eley v. Bagley*, Case No. 4:02-cv-1994, 2012 WL 1945610 (N.D. Ohio May 30, 2012)(Boyko, D.J.), and *Hill v. Anderson*, Case No. 4:96-cv-795 (N.D. Ohio May 15, 2014)(Adams, D.J.)(unreported; copy at ECF No. 232-1, PageID 4465 et seq.). The Warden distinguished the grants of authorization this Magistrate Judge had made in *Waddy v. Robinson,* Case No. 3:98-cv-084, 2013 WL 3087294 (S.D. Ohio, June 18, 2013); *Gapen v. Bobby*, Case No. 3:08-cv-280, 2013 WL 5539557 (S.D. Ohio Oct. 8, 2013); and *Conway v. Houk*, Dase No. 3:07-cv-345, 2013 WL 6170601 (S.D. Ohio Nov. 22, 2013), because those authorizations were made in ongoing habeas cases, whereas LaMar's habeas case is final.

In granting authorization, the Magistrate Judge noted that Judge Adams' decision in *Hill* had been overruled by the Sixth Circuit (Decision, ECF No. 236, PageID 4555, citing *Hill v. Mitchell*, Case Nos. 99-4317, 14-3718 (unreported; copy at ECF No. 233-1, PageID 4485). The Sixth Circuit Order in *Hill* does not discuss Judge Adams' decision or the question of subject

matter jurisdiction. The State of Ohio had raised a lack of jurisdiction defense to the motion to authorize not based on the fact that there was a final judgment in *Hill*, but based on the lack of a certificate of appealability. (6th Cir. Case No. 99-4317, Doc. No. 299). Nevertheless, the Sixth Circuit granted the authorization, implicitly deciding that both it and the District Court had jurisdiction.

In arguing that the appeal is not moot, the Warden asserts that LaMar could have rendered it moot by either not filing the motion in the Ohio Supreme Court or voluntarily dismissing it after the Warden appealed (Response to Suggestion of Mootness, ECF No. 240, PageID 4592). Because LaMar did neither, "his own actions ensured that a controversy would continue to exist where the Warden's position is that LaMar was not legally entitled to take the action at all." *Id.*

There are two difficulties with this argument. First of all, the Warden allowed the state court authorization to proceed by not seeking a stay pending appeal. As noted above, a motion to authorize appearance in state court is a non-dispositive pre-trial motion on which a Magistrate Judge has authority to act, rather than make a recommendation. Under S. D. Ohio Civ. R. 72.3, such a ruling remains effective unless stayed pending appeal or upon reversal by a District Judge. This parallels the treatment of preliminary injunctive relief by a District Judge which remains in effect unless stayed pending appeal. Although the Warden appealed, he did not seek a stay from either the Magistrate Judge or District Judge Rose.

Second, the Warden contends "the controversy remains, where LaMar will undoubtedly use the state litigation that was terminated against him as some sort of reason to seek some brand of federal habeas relief." (Response to Suggestion of Mootness, ECF No. 240, PageID 4593.) This argument conflates the question of authorization to counsel to appear in state court with the

question whether the state court proceeding could be brought at all. Whether LaMar could properly raise his *Hurst* claim by motion in the Ohio Supreme Court was a question for that court to decide under Ohio law. LaMar could have filed that motion with the assistance of other counsel or pro se and thereafter used the result to seek "some brand of federal habeas relief." This Court's authorization of counsel to appear on that motion did not make the motion cognizable in the Ohio Supreme Court, it merely decided who would represent LaMar on that motion.

The Magistrate Judge concludes the controversy over the authorization is in fact moot. An order by the District Judge finding the Magistrate Judge was without jurisdiction to make the authorization would have no effect on the fact that the motion was filed and acted on by the Ohio Supreme Court. It might instruct the Magistrate Judge about the limits of his authority on § 3599 motions in general, but it would have no impact on the authorization in this case which has now been exhausted by completion of the state court proceedings.

**Conclusion**

The Magistrate Judge accordingly respectfully recommends the appeal be DISMISSED AS MOOT.

February 12, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

4

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).